Rockingham,
June, 1895.

## LINCOTT *v.* NORTHWOOD UNION SHOE CO.

### PEAVEY *v.* SAME.

### GILES *v.* SAME.

### MARSTON *v.* SAME.

### HOLMES *v.* SAME.

Assumpsit for money paid to a corporation in part performance of an agreement to purchase shares of stock, for which the corporation declines to receive full payment, cannot be maintained without a demand for the stock and a refusal to deliver it.

ASSUMPSIT. Facts found by the court. In the spring of 1891, each of the plaintiffs subscribed for one or more shares of stock in a proposed corporation, by an agreement of which the following is a copy : "We the undersigned subscribe to the capital stock of the Northwood Union Shoe Company the amount set against our respective names. No subscriber to be held for all or any part of his subscription until the whole amount of the capital stock is subscribed, $25,000. Payment to be made ten per cent per month of our wages, until the whole amount of each individual subscription is paid." Soon after, the whole amount of the capital stock having been subscribed, the corporation was formed. By authority of the board of directors, the whole stock (500 shares of the par value of $50 each) was issued to the directors as trustees, to hold as security for $25,000 which they loaned to the corporation, upon the understanding that they would transfer the stock to the subscribers when the latter paid the amount of their subscriptions. As soon as the factory was started the plaintiffs entered into the defendants' employ, and ten per cent of their wages was paid to the directors, who held the stock on account of the plaintiffs' stock-subscriptions. They continued to work under this arrangement until November, 1894, when the company became insolvent and was unable to furnish work for them. They desired to perform their contracts, but were prevented from so doing by this circumstance. These suits are brought to recover the money retained by the company on account of the shares of stock subscribed for. None of the plaintiffs has demanded of the company the shares of stock for which he subscribed. During the pendency of the suits certificates of stock to which the plaintiffs would have been entitled if they had been allowed to pay for them in full,

have been deposited with the clerk of court, subject to their
order.

*Felker & Pearl*, for Lincott and Peavey.

*Burnham, Brown & Warren, John W. Kelley*, and *John S. H.
Frink*, for the other plaintiffs.

*Louis G. Hoyt*, for the defendants.

*Per Curiam.*\* Whatever might be the legal rights of the par-
ties if the plaintiffs had made a demand for certificates of the
stock for which they subscribed, and the defendants had refused
to comply therewith, these actions cannot be maintained in the
absence of a demand. *Swazey* v. *Company*, 48 N. H. 200. If
the certificates are delivered on demand before full payment is
made, the plaintiffs cannot complain. It would be neither
equitable nor legal that they should recover judgments payable
in cash for their labor, for which they are entitled to payment
in stock only, if they can have the stock without making further
payments. The company's refusal or inability to employ the
plaintiffs, or to accept payment in full for the stock, is unimpor-
tant, provided the stock is delivered to them upon demand. A
vendor's refusal to accept full payment for the article sold, ac-
companied with its delivery to the vendee, does not authorize
the latter to rescind the contract and recover back the partial
payments he may have made.

It is claimed that the statutory prohibition of a sale or dis-
posal of shares of stock by the company at a price below par
(P. S., c. 149, s. 9) makes it impossible for it to comply with a
demand. But the company is not in any proper sense the owner
of its stock. The entire capital was furnished in cash by the
persons composing the board of directors, to whom the money
paid by the plaintiffs equitably belongs. They had a right to
hold the plaintiffs' certificates until they were fully paid for.
This right they have surrendered by filing with the clerk the
certificates, which he holds subject to the plaintiffs' order. The
directors have no claim against the company for the balances
due and unpaid by the plaintiffs, and the surrender of their
right to hold the stock is not a sale or disposal of stock by the
company.

*Judgment for the defendants.*

WALLACE, J., did not sit: the others concurred.

---

\* See foot-note on page 22.